I respectfully dissent from the majority's reversal of the judgment based on the jury's verdict on Louis Tunstall's conversion claim and from the majority's corresponding dismissal of Tunstall's cross-appeal as moot.
In January 1991, Tunstall purchased a mobile home with the expectation of any new home purchaser: that he would receive that for which he had paid. Of the money Tunstall financed in the Green Tree contract, $ 1,200 was to be set aside to pay for the installation of an electric heating and air conditioning system and a stove. The 68-year-old Tunstall needed the assistance of his cousin in handling business transactions, because, Tunstall stated, his cousin could "hold good thinking in his head, and I cannot." Tunstall and his cousin repeatedly called Green Tree to inquire about the appliance installation, but obtained no productive response. While Green Tree held onto the $ 1,200 for a year, Tunstall lived in his mobile home without the benefit of a stove and a heating and air conditioning system. In January 1992, these items were finally installed. During the year that Green Tree held Tunstall's $ 1,200, Tunstall was required to pay interest charges on the loan.
I note that the majority primarily relies upon Green Tree's "zero balance account" argument to hold that no conversion occurred. However, there was ample testimony before the jury, including that from Green Tree's credit manager, to indicate that Green Tree held the $ 1,200 with full knowledge that it was specifically set aside for the purpose of installing Tunstall's stove and heating and air conditioning system. The $ 1,200 never left Green Tree's control until the January 1992 installation. Where money is specific and is capable of identification, it may be the subject of a conversion claim.Gray v. Liberty National Life Ins. Co., 623 So.2d 1156 (Ala. 1993). The evidence indicates that Green Tree exercised wrongful dominion over these specific, identifiable funds; therefore, Tunstall's conversion claim was properly submitted to the jury. Because the conversion claim was properly submitted to the jury and because I believe the jury's verdict was supported by the evidence, I would affirm the judgment based on the jury's verdict.